WILLIAM EATON *et al.*, Executors of JOSEPH MACHIN, deceased, Plaintiffs in Error, *v.* WILLIAM F. BRYAN, Defendant in Error.

### ERROR TO PEORIA.

The executor of any deceased person, who shall have made, in his life time, a contract for the conveyance of any land, must, in the petition for a decree to execute such conveyance, make the heirs parties to such proceedings.

The thirty-fourth section of chapter twenty-four, revised statutes, is to be so construed as to make the heirs parties to the proceedings therein mentioned.

THE petition of plaintiffs in error, as executors of the last will and testament of Joseph Machin, deceased, states that said Joseph Machin, during his life time, on 27th of September, 1852, made and delivered unto William F. Bryan, a contract, under seal, for the conveyance of certain land, for a valuable consideration. The petition shows that the consideration has been fully paid, discharged and fulfilled by said Bryan; that said Bryan has not assigned or transferred contract, and now demands deed. The petition further shows that no deed to Bryan was made during the life time of Machin, nor has been made since by his heirs, therefore

petitioners pray a decree authorizing them, or one of them, to make, execute, acknowledge and deliver the deed of conveyance to which said Bryan is entitled.

A notice to Bryan of the filing of the above petition, etc., filed 18th day of March, 1857.

Said Bryan appeared on the same day, and filed a demurrer to the petition, for that, while the facts alleged were true, the heirs and devisees of the deceased had not been made parties to the petition, nor did it appear that they had notice of the proceeding.

Petitioners joined in demurrer.

The demurrer was heard by the court and sustained. The petitioners not asking leave to amend, the petition was dismissed, with judgment for costs, against the petitioners, by DAVIS, Judge, at March term, 1857, of the Peoria Circuit Court.

C. C. BONNEY, for Plaintiffs in Error.

W. F. BRYAN, *pro se.*

CATON, J. This was an application by executors for a decree, authorizing them to make a conveyance of real estate, which had been sold by their testator, in his life time, under the thirty-fourth section of chapter twenty-four, revised statutes. That section is this:

"The executors, administrators or heirs of any deceased person, who shall have made such contract, bond or memorandum, in writing, as aforesaid, in his life time, for the conveyance of land, for a valuable consideration, when such consideration has been paid and fulfilled as aforesaid, may, upon application, in writing, obtain such decree as aforesaid, upon giving notice to the party to whom such deed is intended to be made, and under the same condition as is provided in this chapter."

The other provisions of the statute referred to are the three sections immediately preceding. Sections thirty-one and thirty-two provide that the purchaser of such land, for which he holds a contract, executed by the deceased, may proceed in chancery, and get a decree; that the executor or administrator shall execute the conveyance in pursuance of the contract; and section thirty-three requires that the heirs shall be made parties to such proceeding. The question now is, whether they should also be made parties in this proceeding. The section provides expressly that notice shall be given to the party to whom the deed is intended to be made, but is silent about notice to the heirs, but it provides that the decree shall

be made "under the same condition as is provided in this chapter." One of these conditions is, as we have seen, that the heirs shall be made parties to the proceeding, which is to authorize another to convey away from them the title to their land. But, independent of this reference to other provisions of the statute, we should not hesitate to hold, under the general provision of chancery law, that the heirs should be made parties. They are directly interested, and, by the general rules of equity, must be made parties, that they may protect that interest, else they should not be bound by the decree. The executor has no interest in the land directly or incidentally, except so far as creditors may be concerned. We think the circuit court was correct in sustaining the demurrer for the want of proper parties, and its decree must be affirmed.

*Decree affirmed.*